```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY


AGNES THEODOSSIOU,              :
                                :   HONORABLE JOSEPH E. IRENAS
        Plaintiff,              :
                                :   CIVIL ACTION NO. 06-4137 (JEI)
    v.                          :
                                :           OPINION
COMMERCE BANK, N.A.,            :
                                :
        Defendant.              :
                                :
                                :
```

**APPEARANCES:**

BARRON, BAKER & POSTERNOCK, LLP.
BY: THOMAS M. BARRON, Esq.
400 North Church Street
Suite 250
Moorestown, NJ 08057
    Counsel for Plaintiff

BROWN & CONNERY, LLP.
BY: Susan M. Leming, Esq.
    William M. Tambussi, Esq.
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108
    Counsel for Defendant


**IRENAS**, Senior District Judge:

   Plaintiff Agnes Theodossiou ("Theodossiou") filed a Complaint on August 31, 2006, against Defendant Commerce Bank ("Commerce") alleging breach of contract (Count One) and violations of the Family and Medical Leave Act (the "FMLA")(Count Two), the New Jersey Family Leave Act (the "NJFLA")(Count Three),

1

and the New Jersey Law Against Discrimination (Count Four).[1] Presently before the Court is Commerce's motion to dismiss Count One of the Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and Theodossiou's cross-motion to amend the Complaint pursuant to Fed. R. Civ. P. 15(a).  For the reasons set forth below, we will grant Commerce's motion to dismiss Count One and deny Theodossiou's motion to amend the Complaint.

## I.

Commerce hired Theodossiou on December 27, 2004, as Assistant Vice President, Mortgage Operations Manager. Theodossiou received Commerce's Employee Handbook (the "Handbook") when she was hired, which she signed to acknowledge receipt.  The Handbook states that its contents "**do not** create a contract of any kind between Commerce and its Employees" and that "**[e]mployment with Commerce is terminable 'at will'**" (emphasis in original).

In a letter dated October 18, 2005, Theodossiou was granted ninety days of maternity leave under Commerce's Emergency Medical

---

[1] This Court has federal question jurisdiction in this case pursuant to 28 U.S.C. § 1331, based upon the alleged violation of the FMLA.

Leave ("EML") program.[2]  This letter indicated that her leave was not a job-protected leave,[3] and would begin on November 1, 2005, and expire on January 30, 2006.  When she went out on leave, she did not give a return date.  Theodossiou gave birth to her child on December 13, 2005.  By a letter dated December 29, 2005, Commerce notified Theodossiou that she was eligible for medical leave under the FMLA as of December 27, 2005.  The letter explained her rights under the FMLA of, *inter alia*, "up to twelve (12) weeks of unpaid leave in a twelve (12) month period" and of reinstatement "to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on [her] return from an approved FMLA leave."  (Pl. Exh. 3(referencing 26 U.S.C. §§ 2612(a)(1), 2614(a)(1))).

Theodossiou returned to work at Commerce on May 1, 2006, prior to the expiration of her state and federal leave.  On June 6, 2006, Commerce notified Theodossiou that she was being laid off and her position eliminated pursuant to a reorganization plan.  Simultaneous with her lay off, Commerce posted an opening for a new position, Assistant Manager of Operations.  The

---

[2] Theodossiou was not yet eligible for leave under the FMLA or the NJFLA because she had not been employed by Commerce for twelve (12) months.  *See* FMLA, 29 U.S.C. § 2611(2)(A)(I); NJFLA, N.J. REV. STAT. § 34:11B-3(e).

[3] Job-protected leave guarantees that an employee taking leave can return to the same or an equivalent position upon the expiration of the leave.

3

position reported to the same person to whom Theodossiou had reported.

Theodossiou sent several emails to Robin J. Mancini ("Mancini"), an employee in Commerce's human resources department, requesting information on the newly posted job. Mancini repeatedly advised Theodossiou via email that Commerce was working on the job description. After finally receiving the job description and responsibilities, which were similar to those of her previous position, Theodossiou sent an email to Steven J. Greenberg, Senior Vice President and Manager of Residential Mortgages, and Brian Tyson ("Tyson"), Vice President and Director of Residential Mortgage Operations, expressing her desire to be considered for the new position. Several days later, Tyson sent Theodossiou an email informing her that the new position had been filled. On August 31, 2006, Theodossiou filed this Complaint.

## II.

Count One of the Complaint alleges breach of contract by Commerce. Theodossiou claims that the Handbook created an enforceable contract governing the terms and conditions of her employment with Commerce, and that Commerce breached this contract when it failed to return her to her previously held position or an equivalent one at the conclusion of her leave. Theodossiou further alleges that Commerce breached this contract

when it failed to consider her for the new position created shortly after her termination.

Commerce first filed a motion to dismiss Count One of the Complaint. Theodossiou then filed a cross-motion to amend the Complaint to plead additional elements under the breach of contract count (Count One) to establish a promissory estoppel claim.

When considering a motion to dismiss, the Court must accept as true all well-pleaded allegations in the Complaint and view them in the light most favorable to the Plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as true any and all reasonable inferences derived from those facts. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). In addition to the allegations of the Complaint, the Court may consider documents attached to or specifically referenced in the Complaint, and matters of public record, without converting the motion to dismiss into one for summary judgment. See Mele v. Federal Reserve Bank of N.Y., 359 F.3d 251, 255 n.5 (3d Cir. 2004); Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003).

A plaintiff must establish that a valid contract between plaintiff and defendant exists to state a claim for breach of

5

contract.  See Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 275 F. Supp. 2d 543,566 (D.N.J. 2003). Theodossiou cannot establish that the Handbook created a contract, and thus does not state a claim for breach of contract. Even though an employee handbook can alter an employee's at-will status by creating an implied contract between employer and employee, no such contract can be formed where the employee handbook contains a clear and prominent disclaimer.  See Woolley v. Hoffman-LaRoche, Inc., 99 N.J. 284, 297-98 (1985); see also Marzano v. Computer Science Corp., Inc., 91 F.3d 497, 512 (3d Cir. 1996).

An employee handbook disclaimer is clear if it states, "that there is no promise of any kind by the employer contained in the manual; [2] that regardless of what the manual says or provides, the employer promises nothing and remains free to change wages and all other working conditions without having to consult anyone and without anyone's agreement; and [3] that the employer continues to have the absolute power to fire anyone with or without good cause."  Nicosia v. Wakefern, 643 A.2d 554, 560 (N.J. 1994); see also Woolley v. Hoffmann-La Roche, Inc., 491 A.2d 1257, 1271 (N.J. 1985).

Such language should appear in a prominent position, which generally means that it is displayed in a way to attract attention.  Nicosia, 643 A.2d at 560.  Although not required to

6

satisfy the prominence requirement, language that is printed in bold and placed within a border has been held to satisfy this requirement.  See Gil v. Related Mgmt. Co., No. 06-2174, 2006 WL 2358574, at *7(D.N.J. 2006); Washington v. Cooper Hosp./Univ. Med. Ctr., No. 03-5791, 2005 WL 3299006, at *11 (D.N.J. 2005).

Here, the Handbook contains clear disclaimers that are prominently displayed, indicating that no such implied contract has been created by its contents.  Page four of the Handbook contains a one page long "AT - WILL STATEMENT."  This caption is printed in capital, bold letters at the top, center of the page. Just below it, in the same print but slightly smaller font, it reads "IMPORTANT NOTICE."  In bold lettering, surrounded by a bold border, in the center of the page, the text reads, "**[e]mployment with Commerce is terminable 'at-will'** . . . "**Commerce has the absolute power** . . . **to terminate your** [the employee's] **employment, at any time, for any reason or no reason, with or without notice**."  The text below this box reads, in part, that "Commerce does not make guarantees of any kind with respect to your [the employee's] continued employment," and that "Commerce is free to change its working conditions, policies and practices . . . without having to consult anyone and without getting anyone's agreement."

These disclaimers are sufficient under the standards set forth in Nicosia and Woolley.  The Handbook makes "no promise of

7

any kind." Commerce retains the right to "change wages and all other working conditions without having to consult anyone and without anyone's agreement," and Commerce has "the absolute power to fire anyone with or without good cause." Nicosia, 643 A.2d at 560; see also Woolley, 491 A.2d at 1271. Commerce's disclaimers were sufficient to prevent the creation of any implied contractual rights.

In order to avoid dismissal of Count One, Theodossiou seeks to amend her Complaint to plead additional elements under the breach of contract claim to satisfy the requirements of promissory estoppel. Under Fed. R. Civ. P. 15(a), a party may amend the Complaint with leave of court, which "shall be freely given when justice so requires." The Court can deny a motion to amend for, *inter alia*, futility of amendment. Forman v. Davis, 371 U.S. 178, 182 (1962); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). An amendment is futile when "the Complaint, as amended, would fail to state a claim upon which relief could be granted." Id. at 1434.

The proposed amended Complaint alleges that the Handbook, along with the letters dated October 18 and December 29, 2005, "created a clear and definite promise by Commerce to Ms. Theodossiou that she would be reinstated to her job or its equivalent upon her return from maternity leave," and that "Ms. Theodossiou reasonably relied upon the leave policies . . . to

8

her detriment." The amended Complaint is futile because it still fails to state a claim upon which relief can be granted.

A claim of promissory estoppel must demonstrate: "(1) a clear promise, (2) made with the expectation that the promisee will rely upon it, (3) reasonable reliance upon the promise, (4) which results in definite and substantial detriment." <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 421 F. Supp. 2d 831, 834 (D.N.J. 2006). None of the three documents - the Handbook and the two 2005 letters - make a specific promise to Theodossiou upon which she could have reasonably relied. The Handbook clearly states, on page four, that it "***do[es] not*** create a contract of any kind between Commerce and its Employees" (emphasis in original). The letter dated October 18, 2005, specifically states that Commerce's EML was "not a job-protected leave." The December 29, 2005, letter was simply a form letter containing boiler-plate language that Commerce routinely sends to employees who become eligible for medical leave under the FMLA. This letter simply notifies employees of their eligibility and summarizes the terms of the FMLA. None of these documents contained specific promises that Commerce made to Theodossiou upon which she could have reasonably relied.

## III.

For the reasons set forth above, the Court finds that

Plaintiff Theodossiou's Count One Breach of Contract claim fails to state a claim upon which relief can be granted and should therefore be dismissed.  Additionally, the Court finds Plaintiff's cross-motion to amend the Complaint futile because an amended complaint would also fail to state a claim upon which relief can be granted.  Accordingly, Defendant Commerce Bank's motion to dismiss will be granted and Plaintiff's cross-motion to amend will be denied.  The Court will issue an appropriate order.


Dated: April 5, 2007.

                                           s/*Joseph E. Irenas*
                                           **JOSEPH E. IRENAS, S.U.S.D.J.**